UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

JOHN DOE subscriber assigned IP address 71.243.133.27,

        Defendant.
_____

**DECISION AND ORDER**

1:24-CV-00400 EAW

## INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action on April 29, 2024, alleging that Defendant downloaded and distributed Plaintiff's motion pictures in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (Dkt. 1). The Court granted Plaintiff's motion for discovery and motion for extension of time to serve. (Dkt. 8). Plaintiff then filed an amended complaint on February 7, 2025, after Plaintiff successfully served a subpoena on the Internet Service Provider ("ISP"), Verizon Online LLC, and discovered the identity of the subscriber assigned to the IP address 71.243.133.27. (Dkt. 10). Presently before the Court is Plaintiff's motion to seal. (Dkt. 11). Plaintiff also moves a second time to extend the time for which it has to serve Defendant. (Dkt. 9). For the following reasons, Plaintiff's motion to seal is denied and motion to extend the time to serve is granted.

## DISCUSSION

I. **Motion to Seal**

Plaintiff filed a motion requesting leave to file unredacted versions of its amended complaint, proposed summons, and return of service under seal. (Dkt. 11 at 1).

At common law, there is a longstanding "right of public access to judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also United States v. Erie Cnty.*, 763 F.3d 235, 238-39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government."). "Before any such common law right can attach, however, a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch*, 435 F.3d at 119. "[T]he mere filing of a paper or document . . . is insufficient to render that paper a judicial document." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process. . . ." *Id.*

"Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. "The weight afforded to that presumption depends upon 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mayer v. Patriot Pickle Inc.*, No. 23-CV-1299-LJV, 2024 WL 162881, at *2 (W.D.N.Y. Jan. 16, 2024) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). "Generally, the information will fall somewhere on a continuum from matters that

directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo II*, 71 F.3d at 1049.

"Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

The amended complaint, proposed summons, and return of service are judicial documents. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("We first consider whether a complaint is a judicial document subject to a presumption of access and easily conclude that a complaint is such a document."); *Amodeo II*, 71 F.3d at 1050 ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach, and 'stand[ ] on a different footing than . . . a motion filed by a party seeking action by the court,' or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions.") (internal citations omitted). Thus, a common law presumption of access applies to the amended complaint, proposed summons, and return of service.

The Court determines that the weight of the presumption here is strong. *Bernstein*, 814 F.3d at 142 ("Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power. Of all the records that may come before a judge, a complaint

is among the most likely to affect judicial proceedings. It is the complaint that invokes the powers of the court, states the causes of action, and prays for relief.").

Plaintiff argues that "Defendant's privacy concerns" and "avoid[ing] embarrassment to defendants" are competing considerations that run against the presumption of access. (Dkt. 11 at ¶¶ 6, 8). But "broad, vague, and conclusory allegations of harm . . . are . . . insufficient to overcome the presumption of public access." *Strike 3 Holdings, LLC v. Doe*, No. CV 21-5178, 2022 WL 2276352, at *2 (E.D. Pa. June 22, 2022) (quoting *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 678 (3d Cir. 2019)); *see also Olson v. Major League Baseball*, 29 F.4th 59, 93 (2d Cir. 2022) ("[W]here the presumption of public access is at its strongest, . . . the presumption can be overcome only by countervailing considerations in 'extraordinary circumstances.'"). Therefore, Plaintiff's motion to seal is denied.

That said, the Court reminds Plaintiff that the information it has obtained concerning Defendant's identity is subject to the Protective Order set forth in the Court's Decision and Order filed on October 15, 2024. (*See* Dkt. 8 at 8). This means that Plaintiff may only use initials of Defendant's first and last name in any public filing, at least until further order of the Court. Accordingly, Plaintiff is directed to publicly file a second amended complaint conforming to these requirements. The deadline to do so is May 16, 2025.

### III.    Motion for Extension of Time

Plaintiff has moved for the Court to grant a second extension of the time to serve its complaint. (Dkt. 9). Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint. "[I]f the

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Plaintiff seeks an extension of time because Plaintiff is conducting a further investigation to determine whether the individual identified by the ISP is the appropriate Defendant in this action. (Dkt. 9 at ¶ 6). "Plaintiff's inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension." *Rotten Records, Inc. v. Doe*, No. 15-CV-6650-FPG, 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016). Therefore, Plaintiff's motion for an extension of time is granted, and service before June 13, 2025, is deemed timely.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to seal (Dkt. 11) is denied and motion to extend the time to serve (Dkt. 9) is granted. In accordance with this Decision and Order, Plaintiff is directed to file a second amended complaint on or before May 16, 2025, and service may be effectuated on or before June 13, 2025.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: May 6, 2025
       Rochester, New York